UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD DOWEL, | ) Case No.: 1:11-cv-01913-BAM PC |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND AS BARRED BY HECK |
| v. | ) |
| J. GALLAGHER, et al., | ) (ECF. No. 1) |
| Defendants. | ) |

**I.    Screening Requirement**

Plaintiff Brad Dowel is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 17, 2011, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is currently incarcerated at R. J. Donovan Correctional Facility. The events alleged in this action occurred while Plaintiff was housed at the Substance Abuse Treatment Facility at Corcoran State Prison ("SATF"). Plaintiff names the following defendants: (1) J. Gallagher, Correctional Lieutenant at SATF; (2) G. Gutierrez, Correctional Officer at SATF; (3) J. Davis, Housing Unit Officer at SATF; and (4) Martinez, Correctional Officer at SATF.

Plaintiff alleges as follows: On August 30, 2012, correctional officers were in pursuit of two inmates suspected of violating the out-of-bounds rules. Defendant Officer Gutierrez called to these inmates, Macnamara and Braden, but his attempts to gain their attention were to no avail. Defendant Officer Gutierrez got on his service radio and shortly thereafter two officers began a foot pursuit of the two inmates. After the inmates were stopped, inmate Macnamara became involved in a verbal confrontation with one of the officers. Inmate Macnamara and the officer began fighting and the yard emergency alarm was activated. Inmates did not "get down" in response to orders and, instead, they

positioned themselves to see the fight.  When numerous officers arrived on the scene, a white inmate began hitting an officer.  Numerous inmates then became involved in the assault on the officers and other inmates began positioning themselves to view the incident.  Upon gaining control of the situation, officers randomly selected white inmates to place in mechanical restraints.  Numerous white inmates were randomly selected to be implicated in the actual assault on peace officers.  Although Plaintiff alleges that he was yards away from the actual scene and never assaulted any officer, Plaintiff was identified by Defendant Officer Gutierrez as being involved in the act of assault on a peace officer.  Plaintiff was falsely charged and found guilty of a rules violation report for an assault on a peace officer by Defendant J. Gallagher.  Plaintiff alleges that he was subjected to retaliation for officers being assaulted by the preparation of fabricated reports and falsified legal documents.

Plaintiff also alleges that his personal property was disposed of or lost while in the possession of CDCR staff.  Plaintiff alleges that Defendant Officer Martinez was in charge of his personal property and disposed of it in retaliation for officers being assaulted by white inmates.  Plaintiff also alleges that Defendant J. Davis was responsible for Plaintiff's property and the property came up missing between Defendant J. Davis and Defendant Martinez.

Plaintiff claims violations of his right to be free from retaliation and his right to possess property, along due process and equal protection violations.  Plaintiff requests that his guilty charge be removed from his prison central file, that he be reimbursed for his lost/disposed of personal property and that he be awarded punitive damages in the amount of $10,000.

### III.   Plaintiff's Claims

#### A.  Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

1  legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord
2  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).
3  　　　　In this case, Plaintiff has not alleged that he engaged in any protected conduct sufficient to
4  sustain a cognizable claim for retaliation.  There is no indication in Plaintiff's complaint or
5  incorporated exhibits that he can cure this deficiency.

### B.  Property Issues

7  　　　　Plaintiff challenges the loss or destruction of his personal property.  Prisoners have a protected
8  interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while
9  an authorized, intentional deprivation of property is actionable under the Due Process Clause, see
10 Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush
11 Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.
12 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a
13 violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a
14 meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.
15 　　　　California Law provides an adequate post-deprivation remedy for any property deprivations.
16 See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).
17 California's Tort Claims Act requires that a tort claim against a public entity or its employees be
18 presented to the California Victim Compensation and Government Claims Board, no more than six
19 months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 .
20 Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.
21 State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13
22 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.
23 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the
24 Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543;
25 Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.
26 1988).
27 　　　　Plaintiff alleges that Defendants Martinez and Davis destroyed his property in retaliation,
28 which is an allegation that the deprivation of property was intentional and unauthorized.  Thus,

Plaintiff's remedy would be found under California law.  Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### C. Due Process Claim – Rules Violation Report

Plaintiff alleges in his complaint that the rules violation report issued against him was falsified or fabricated, in part by Defendant Gutierrez, and he was falsely charged and found guilty by Defendant Gallagher without any factual evidence.  Plaintiff seeks to have the violation removed from his prison file.  However, such a claim is barred by the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained unless the plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.  The rule enunciated by the United States Supreme Court in Heck has been extended to prison disciplinary proceedings where good time credits have been forfeited.  See Edwards v. Balisok, 520 U.S. 641, 644–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  Therefore, a prisoner's § 1983 action challenging a disciplinary hearing "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original); see also Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir.2003).

Plaintiff essentially is seeking to invalidate the rules violation report and have it removed from his central file.  Based on the exhibits attached and incorporated into the complaint, it appears that the guilty finding affected the duration of his confinement.  Plaintiff was assessed a mitigated SHU term with a projected minimal eligible release date of 5/23/11, which might also affect his credit earning. (ECF No. 1, p. 11.)  Thus, Plaintiff may not pursue a due process claim in a civil rights action until he

has been successful in having the prison rules violation conviction reversed, expunged or declared invalid.

### D. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir.2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir.2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601–02, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir.2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir.2008).

Here, Plaintiff does not allege that he is a member of a protected class, but his allegations suggest that he was improperly targeted for a rules violation report because of his race. However, Plaintiff admits that white inmates were assaulting prison officers and, according to his allegations, white inmates were being targeted for mechanical restraints and implicated in the assault. In other words, the officers' actions were not racially motivated, but based on the characteristics of the inmates involved in the assault. Indeed, the officers were subjecting all white inmates to the same scrutiny and there is no indication that Plaintiff was being singled out because of his race.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. For the reasons stated above, granting leave to amend would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). However, Plaintiff's claims barred by Heck must be dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by Heck may be dismissed sua sponte without prejudice).

Accordingly, it is HEREBY ORDERED as follows:

1. This action is DISMISSED for failure to state a claim and as barred by <u>Heck</u>;
2. Plaintiff's claims for retaliation, property loss and equal protection are dismissed with prejudice; and
3. Plaintiff's due process claims regarding the allegedly invalid or false rules violation report are dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **May 24, 2013**                         /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE